

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-2003

# Jiang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3955

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Jiang v. Atty Gen USA" (2003). *2003 Decisions.* Paper 367.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/367

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3955

PING JIANG,
                    Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES,
                    Respondent

APPEAL FROM THE UNITED STATES
IMMIGRATION AND NATURALIZATION SERVICE
(Agency No. A77-322-466)

Submitted Under Third Circuit LAR 34.1(a)
July 14, 2003

Before: McKEE, BARRY, and ROSENN, Circuit Judges

(Opinion Filed: July 15, 2003)

OPINION

BARRY, Circuit Judge

        Ping Jiang, a Chinese national, petitions for review of an order of the Board of

Immigration Appeals (BIA) summarily affirming the decision of the Immigration Judge

(IJ), which decision denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Petitioner argues that the IJ's adverse credibility finding ought not have been sustained, since it was not supported by substantial evidence. We will deny the petition for review.

Petitioner arrived in the United States from China in September, 2000 without proper documentation. After expressing fear of persecution to an immigration officer at the airport, he was referred to an asylum officer, and ultimately, to an IJ. At a series of immigration hearings before the IJ, petitioner testified that he feared persecution by the Chinese government for a "[f]amily planning problem" stemming from China's enforcement of its "one child policy." (See Administrative Record at 75; 167-68, 228). Pursuant to this policy, petitioner's wife, Yinen Chen, who has a twelve year old son with petitioner, was required to submit to quarterly exams to ensure that she was not pregnant. According to petitioner, Chen had become pregnant in the latter part of 1998 and failed to go to her quarterly exam. In February, 1999, petitioner testified, family planning officials came to take Chen, who was then four months pregnant, to have an abortion, and when she resisted, a physical altercation ensued. In the course of this altercation, petitioner related, Chen was pushed, fell down, and subsequently suffered a miscarriage. Petitioner recounted that after learning of the incident, he visited officials at a family planning office, demanding to know why other women, but not Chen, were permitted to become pregnant for a second time. When tensions escalated, petitioner testified, he struck an official, fled the scene, and employed a smuggler to procure his passage from China.

2

The IJ, in his opinion, focused on a letter from Chen, and noted that Chen did not mention in the letter that she had missed a quarterly exam in late 1998 or that she had been visited by family planning officials in February, 1999. Moreover, the letter stated that "[i]n March, I was afraid of going to the checkups for detecting pregnancy." (Id. at 196; see also id. at 36, 84-85). As the IJ noted, "[t]his statement would absolutely make no sense at all if in February of 1999, a month earlier, she had indeed lost her child through a miscarriage." (Id. at 36). In this connection, petitioner claimed that "[b]ecause she just had the miscarriage, [she] was not . . . able to have the [required] IUD inserted," (id. at 86), but was unable to account for the fact that in her letter Chen did not attribute her fear to the absence of the IUD but, rather, to the detection of her pregnancy. The IJ highlighted additional discrepancies between Chen's version of events and petitioner's, among those being that despite the fact that petitioner testified he told his wife what occurred when he visited the family planning officials, Chen's letter discussed petitioner's having been "beaten and wounded" at the hands of Chinese government officials, (id. at 88, 197), while petitioner's account of the scuffle depicted petitioner as the aggressor who struck an official and consequently feared his imminent arrest. The IJ thus refused to accord credibility to petitioner's account of events, noting that "[w]henever the Court sees such a diametric difference and contradiction between [an alien's] testimony and either the testimony of another witness or the documentary evidence or affidavit supplied by [the alien] . . . the credibility of [the alien] and his case in chief naturally fail." (Id. at 36). We find no basis to take issue with the IJ's conclusion

3

regarding credibility.[1]

Petitioner's eligibility for asylum hinged upon his ability to credibly demonstrate "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1252, but where, as here, the BIA has deferred to the findings and decision of the IJ, we will review the decision of the IJ. See Abdulai v. Ashcroft, 239 F.3d 542, 549 n. 2 (3d Cir. 2001). We, thus, review the IJ's adverse credibility determination to determine whether it is supported by substantial evidence in the record. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). "'Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Senathirajah v. INS, 157 F.3d 210, 216 (3d Cir.1998) (quoting Turcios v. INS, 821 F.2d 1396, 1398 (9th Cir.1987)). There is substantial evidence in the record to support the determination that petitioner was not, in fact, credible.

One final note. Petitioner argues that the "totality of the circumstances" and "substantial equities" compelled a favorable exercise of discretion by the IJ, and compel one by us. We will not reach that argument in light of our determination that substantial evidence of record supports the IJ's adverse credibility determination. The petition for

---

[1] In light of this disposition, we need not review the IJ's alternate ground for his denial of petitioner's applications, namely that petitioner did not qualify as a "refugee." In any event, it appears that petitioner has abandoned this issue on appeal.

review will, therefore, be denied.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

    /s/ Maryanne Trump Barry
Circuit Judge